UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY AGER f/k/a KELLY WALL, on
behalf of herself and all other similarly
situated,

               Plaintiff,

vs.

QUEST DIAGNOSTICS
INCORPORATED, a foreign for-profit
corporation; MERIDIAN FINANCIAL
SERVICES, INC., a foreign for-profit
corporation and CREDIT CONTROL
SERVICES, INC d/b/a CREDIT
COLLECTION SERVICES, a foreign
for-profit corporation,

               Defendants

_____ /

Case No. 8:23-cv-00285

## ANSWER AND AFFIRMATIVE DEFENSES TO
## CLASS ACTION COMPLAINT

Defendants, QUEST DIAGNOSTICS INCORPORATED ("Quest") and

CREDIT CONTROL SERVICES, INC d/b/a CREDIT COLLECTION SERVICES

("CCS"), by and through undersigned counsel, hereby file their Answer to Plaintiff

Kelly Ager's ("Plaintiff") Class Action Complaint ("Complaint"), and state as

follows:

## INTRODUCTION

1.     Defendants states that Plaintiff's Complaint attempts to state a putative

class action against Defendants.  Further answering, Defendants deny they are liable

to Plaintiff or the putative class, and deny all other allegations in Paragraph 1 of the

Complaint. [Consider a footnote that denies all headings, subheadings, etc., given that some of them are objectionable/substantive]

## PARTIES, JURISDICTION, AND VENUE

2.      In response to Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.      In response to Paragraph 3, Defendant Quest admits it is a foreign corporation. All other allegations are denied.

4.      In response to Paragraph 4, Defendant Quest admits it provides laboratory services in the United States and abroad. All other allegations are denied.

5.      The allegations in Paragraph 5 are directed to another Defendant, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.      In response to Paragraph 6, Defendant CCS is a foreign corporation. All other allegations are denied.

7.      Paragraph 7 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.      Paragraph 8 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.      Paragraph 9 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10.      Paragraph 10 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.      Paragraph 11 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.     Paragraph 12 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13.     In response to Paragraph 13 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

## **LEGAL BACKGROUND**

### a.     **Florida Consumer Collection Practices Act**

14.     Paragraph 14 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15.     Paragraph 15 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.    Paragraph 16 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.    Paragraph 17 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.    In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that Section 559.72(9) speaks for itself and therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 18 purports to quote from Section 55.92(9) of the Florida Statutes, and otherwise deny the allegations in Paragraph 18.

19.    Paragraph 19 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are

1059565\313294776.v1

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

**b.    The Fair Debt Collection Practices Act**

20.    In response to Paragraph 20 of Plaintiff's Complaint, Defendants state that the FDCPA speaks for itself, and therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 18 purports to quote from the FDCPA, and otherwise deny the allegations in Paragraph 20.

21.    In response to Paragraph 21 of Plaintiff's Complaint, Defendants state that the FDCPA speaks for itself, and therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 18 purports to quote from the FDCPA, and otherwise deny the allegations in Paragraph 21.

22.    In response to Paragraph 22 of Plaintiff's Complaint, Defendants state that the FDCPA speaks for itself, and therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 18 purports to quote from the FDCPA, and otherwise deny the allegations in Paragraph 22.

23.    In response to Paragraph 23 of Plaintiff's Complaint, Defendants state that the FDCPA speaks for itself, and therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 18 purports to quote from the FDCPA, and otherwise deny the allegations in Paragraph 23.

1059565\313294776.v1

24.    In response to Paragraph 24 of Plaintiff's Complaint, Defendants state that the FDCPA and FCCPA speaks for itself, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

## FACTUAL ALLEGATIONS

### a.    Defendant's Treatment

25.    In response to Paragraph 25 of Plaintiff's Complaint, Defendant Quest admits that it is a corporation that provides medical lab services. All other allegations are denied.

26.    In response to Paragraph 26 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

### b.    The Payment Plan

27.    In response to Paragraph 27 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.     In response to Paragraph 28 of Plaintiff's Complaint, Defendants state that the letter attached as Exhibit "A" speaks for itself. All other allegations are denied.

29.     In response to Paragraph 29 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30.     In response to Paragraph 30 of Plaintiff's Complaint, Defendants state that payments were deducted for an account under the name of Kelly Ager. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations or Exhibit B attached to the complaint.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Defendants state that payments were deducted for an account under the name Kelly Ager. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32.     In response to Paragraph 32 of Plaintiff's Complaint, Defendants admit that no other payments were deducted from Kelly Ager's bank account after January 19, 2022.

33.     In response to Paragraph 33 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34.     In response to Paragraph 34 of Plaintiff's Complaint, Defendants admit that no other payments were deducted from Kelly Ager's bank account after January 19, 2022.

35.     In response to Paragraph 35 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's Complaint, and therefore denies the same.

36.     In response to Paragraph 36 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37.     In response to Paragraph 37 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiff's Complaint, and therefore denies the same.

38.     In response to Paragraph 38 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39.     In response to Paragraph 39 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's Complaint, and therefore denies the same.

40.     In response to Paragraph 40 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiff's Complaint, and therefore denies the same.

41.     In response to Paragraph 41 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's Complaint, and therefore denies the same.

**d.     Plaintiff Begins Receiving Unsolicited Phone Calls From Meridian Financial**

42.     In response to Paragraph 42 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 42 of Plaintiff's Complaint, and therefore denies the same.

43.     In response to Paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

### e.     More Empty Promises to Rectify the Situation

44.     In response to Paragraph 44 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     In response to Paragraph 45 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46.     In response to Paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

47.     In response to Paragraph 47 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48.     In response to Paragraph 48 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiff's Complaint, and therefore denies the same.

49.     In response to Paragraph 49 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiff's Complaint, and therefore denies the same.

50.     In response to Paragraph 50 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiff's Complaint, and therefore denies the same.

51.     In response to Paragraph 51 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiff's Complaint, and therefore denies the same.

**f.     Quest Refers Plaintiff's Account to CCS**

52.     In response to Paragraph 52 of Plaintiff's Complaint, Defendant CCS admits it sent a letter to a Kelly Ager and that Exhibit "D" speaks for itself. All other allegations are denied.

53.     In response to Paragraph 53 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiff's Complaint, and therefore denies the same.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

**g.     Defendants' Actual Knowledge**

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     In response to Paragraph 56 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of Plaintiff's Complaint, and therefore denies the same.

57.     Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     In response to Paragraph 60 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiff's Complaint, and therefore denies the same.

61.     In response to Paragraph 61 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of Plaintiff's Complaint, and therefore denies the same.

## CLASS REPRESENTATION ALLEGATIONS

62.     Defendants admit that Plaintiff's Complaint attempts to state a class action claim against it but denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants or that there are any viable claims or class claims against Defendants. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of Plaintiff's Complaint, and therefore denies the same.

63.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 63 of Plaintiff's Complaint.

1059565\313294776.v1

64.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants deny that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in Paragraph 70 of Plaintiff's Complaint.

## COUNT I
## VIOLATION OF FCCPA, SECTION 559.72(9), FLORIDA STATUTES
### *Defendant Quest Diagnostics*

71.    All allegations incorporated by reference in Paragraph 71 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

Defendants deny the allegations contained in the Wherefore clause, including all subparts therein.

## COUNT II
## VIOLATION OF FDCPA, 15 U.S.C. 1692(f)(1)
### *Defendant CCS*

All allegations in Paragraphs 1 through 70 in Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

Defendants deny the allegations contained in the Wherefore clause, including all subparts therein.

## COUNT III
## VIOLATION OF FDCPA, 15 U.S.C. 1692(f)(1)
### *Defendant Meridian Financial*

All allegations in Paragraphs 1 through 70 in Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

77.     The allegations in Paragraph 77 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of Plaintiff's Complaint, and therefore denies the same.

78.     The allegations in Paragraph 78 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To

the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of Plaintiff's Complaint, and therefore denies the same.

79.     The allegations in Paragraph 79 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of Plaintiff's Complaint, and therefore denies the same.

Defendants deny the allegations contained in the Wherefore clause, including all subparts therein.

## COUNT IV
## VIOLATION OF FCCPA, SECTION 559.72(9), FLORIDA STATUTES
*Defendant CCS*

All allegations in Paragraphs 1 through 70 in Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

Defendants deny the allegations contained in the Wherefore clause, including all subparts therein.

## COUNT V
## VIOLATION OF FCCPA, SECTION 559.72(9), FLORIDA STATUTES
*Defendant Meridian Financial*

All allegations in Paragraphs 1 through 70 in Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

83.    The allegations in Paragraph 83 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of Plaintiff's Complaint, and therefore denies the same.

84.    The allegations in Paragraph 84 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of Plaintiff's Complaint, and therefore denies the same.

85.    The allegations in Paragraph 85 are directed to another Defendant who has been dismissed from this lawsuit, and therefore, a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of Plaintiff's Complaint, and therefore denies the same.

Defendants deny the allegations contained in the Wherefore clause, including all subparts therein.

## AFFIRMATIVE DEFENSES

1.    Defendants affirmatively allege, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted.

2.    Defendants affirmatively allege, in the alternative, that Plaintiff's claim may be subject to an arbitration agreement and/or class action waiver, enforceable by Defendants, contained within Plaintiff's contract or agreement with the original creditor.

3.    Defendants affirmatively allege, in the alternative, that it acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

4.    Defendants affirmatively allege, in the alternative, that any violation of law by Defendants, which is specifically denied, was not intentional and resulted

from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5.     Defendants affirmatively allege, in the alternative, that it did not make any false or misleading representations to Plaintiff or anyone else.

6.     Defendants affirmatively allege, in the alternative, that Plaintiff did not rely on any alleged false or misleading representations.

7.     Defendants affirmatively allege, in the alternative, that any alleged false or misleading representations, which are specifically denied, were not material.

8.     Defendants affirmatively allege, in the alternative, that if it performed any wrongful acts, which specifically is denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

9.     Defendants affirmatively allege, in the alternative, that Plaintiff and the putative class members have suffered no compensable damages as a result of any actions taken by it.

10.     Defendants affirmatively allege, in the alternative, that Plaintiff has failed to mitigate his damages, if any.

11.     Defendants affirmatively allege, in the alternative, that if Plaintiff was injured or damaged, such injury or damage was caused by the actions of Plaintiff

and/or third-parties over whom Defendants has no control, right to control, responsibility, or reason to anticipate.

12.     Defendants affirmatively allege, in the alternative, that Plaintiff and the putative class members lack standing.

13.     Defendants respectfully reserve the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Secondary: dconnolly@hinshawlaw.com
Attorneys for Quest Diagnostics and Credit Control Services, Inc d/b/a Credit Collection Services

Case No. 8:23-cv-00285

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jordan Shaw
Zebersky Payne Shaw Lewenz LLP
110 SE 6th Sret, Suite 2900
Ft. Lauderdale, FL   33301
Tel:   954-989-6333
Fax:  954-989-7781
jshaw@zpllp.com; kslaven@zpllp.com
gmorales@zpllp.com
Secondary: cpagan@zpllp.com;
clanzano@zpllp.com
Attorneys for Plaintiff

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Quest Diagnostics and Credit Control Services, Inc d/b/a Credit Collection Services

23

1059565\313294776.v1